Anderson, J.,
delivered the opinion of the court.
The important question in this case is, were the witnessess, Solomon Garber, Abraham Paul and John M. Kiser, w7ho were parties to the suit, competent to testify ? At common law, being parties to the suit, they would have been incompetent for that cause; but under the statute, Code of 1873, p. 1109, ch. 172, § 21, they would not be incompetent on that ground unless they come within one of the exceptions contained in the 22d section. If they are incompetent it must be because they *822 fall within the exception which provides that when one of the original parties'to the contract, or other transaction, is dead, # # # the other party shall not be admitted to testify in his own favor, unless first called to testify on behalf of the party first named. .This disqualification which renders a party to the suit incompetent, we held in Martz's ex'or v. Martz's heirs, 25 Gratt. 861, applies only to one who is a party to the contract or transaction, which is the subject of investigation. The appellant alleges that these witnesses were not only parties to the suit, but to the transaction to which Samuel Parent, w'ho was dead when they testified, was also a party, and which was the subject of investigation, and that it is by reason of his alleged acts and declarations in that transaction which these witnesses were introduced to prove, that his estate is sought to be held liable. The appellant, by his counsel, excepted to the competency of each of them upon this ground, as they were introduced to testify, before either of them had answered a question.
"What was the transaction ? Samuel Parent and Hugh Connell, administrators of George W. Cupp, deceased, who had reported a sale of the Dayton mill property, which they had made under a decree of the court, to B. P. Byerly, and which was confirmed by the court, were authorized to withdraw the bonds for collection, which had been returned to court with their report, and to collect them, which bonds had been executed for the balance of the purchase money—$4,375—by two of the said witnesses, Garber and Paul, and another, jointly with the said Byerly, as his sureties. Byerly, after his purchase, sold the property to John M. Kiser, the other witness.
These witnesses were introduced to prove that they met Byerly and Parent at the law office of A. C. Bryan in Harrisonburg, in Pebruary, 1862, to have a final settlement of these matters. The amount due from' John *823 M. Kiser to Byerly, was to be ascertained and paid, so as to furnish Byerly with the means.of paying the balance due from him and his sureties on their joint bonds to the said commissioners; until which was done, the said John M. Kiser could not get his deed. They expected to meet both commissioners, but only one of them, Samuel Parent, was present. They nevertheless proceeded with the business. To attain their object, in the first place, it was necessary to have a settlement with Parent to ascertain what was the balance due upon their joint bonds. This could only be attained'by the assent of Parent. This was a part of the transaction, and it was an important subject of investigation in this suit to determine how much, if anything, was due upon these bonds. The next thing was to discharge the obligations by the tender and acceptance of the Confederate money to Parent, and to get the deed. And these witnesses are offered to prove, not only the tender of the money, but the acceptance of it by Parent. This is the transaction, in part at least, to which Parent was a party and in which his estate is deeply interested, in which he participated, and without whose assent the results claimed by the appellees could not have been reached; a transaction to which the witnesses, Garber and Paul, jointly bound in the contract, were parties. And Parent, the other party to the transaction, being now dead, and unable to testify, we are clearly of the opinion they were incompetent to testify under the statute. How is it as to the other witness, Kiser ? He was not a party to the contract to which Parent was a party. But was he not a party to the transaction ? What was his connection with it ? His business there on that occasion was to have all matters finally settled, so that he could get his deed; to get that it was necessary that the whole of the bonds for the purchase money should be fully discharged. The commissioners weré not authorized to make a deed until all the purchase money *824 was paid. But that could not be done until he paid the balance that was due from him to Byerly, so as to put him in possession of the means to pay. And that he would be unwilling to do until he was sure of the deed from the commissioners. This assurance he could only get from Parent, and in fact only in part from him, as a deed from him, unless jointly with his co-commissioner, would be of no value. At all events, whatever assurance he may have had, he must have derived from the acts and declarations of Parent in this transaction, as Connell was absent; and to prove them, he was introduced as a witness. It was in reference to his getting a title to the property he bought from Byerly, that his business was with Parent. And he was a party directly and deeply interested in all that was said and done and transacted in reference to that matter. And he is introduced to prove that upon what was said and transacted by and between Parent and the rest of them, he paid the money to Byerly, and Byerly paid it to Parent, and that the latter accepted it as a payment, and executed the deed. To the transaction, so far as the payment of the money by him, and the execution of the deed by Parent depended upon the result of it, he was a party; and he is introduced as a witness to prove the declarations of Parent and the part he acted in that transaction. And to those matters he testifies.’ How, if Parentwas living, he might give a different version to the transaction. Connell says he did. He might testify that he was unwilling to act definitively in the matter in the absence of his co-commissioner, but was willing jointly with him to receive the money and execute the deed; that he was willing to sign the deed himself,' but would not execute it by acknowledgment and delivery, unless his co-commissioner acted jointly with him, and that in consequence of that, the money was not paid to him, but was put in the hands of Paul, one of the obligors in the bond, to he *825 paid to the commissioners when they jointly executed the deed, which it was thought might probably be done that day. We do not say that if he had been alive he would have so testified as to the part he acted in that transaction. But we do say that he might have so testified, and his testimony would be supported by the fact, that the deed, though signed by him, was not acknowledged by him; that he did not hold the money; that it was in the hands of one of the joint obligors, ready to be delivered when the deed was executed, but that it never was delivered to him or his co-commissioner, but deposited in bank, not to the credit of the commissioners, or either of them, but to the credit of the holder, Abraham Paul, where it was suffered to lie without the knowledge of the commissioners, and then withdrawn by the said Paul himself. We conclude, therefore, that it was a transaction to which John M. Kiser was also a party, and Samuel Parent being dead and unable to speak to it, the door to testify is and ought to be also closed against John M. Kiser.
The court is also of opinion that the testimony of these three witnesses being excluded, there is no sufficient testimony in the cause, without intending to indicate an opinion that it would be sufficient if it was received, to warrant the decree against the appellant, or to hold his estate, or Hugh Connell, the other commissioner, liable for the money which was placed in the hands of Abi’aham Paul and deposited in the bank by him to his own credit, and over which said commissioners have had no control, or to absolve the said B. P. Byerly and his sureties from the liability to the commissioners for the balance of the purchase money due for the Dayton mill property, the court not intending to indicate any opinion as to the question upon whom the loss of the money so deposited in the bank should fall, that question not pro *826 perly being before them; only intending to decide that there is no sufficient evidence in the record to fix the liability of loss on the appellant, or the co-commissioner, or his intestate. The court is of opinion, therefore, to reverse the decree of the circuit court of the 15th day of June, 1876, and all the subsequent decrees, with costs to the appellants; and the cause is remanded to the circuit court for further proceedings to be had therein in conformity with this opinion.
The decree was as follows:
This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the decree aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the circuit court erred in overruling the appellant’s exceptions to the testimony of Solomon Garber, Abraham Paul and John M. Kiser, witnesses introduced by the appellees, on the ground of their incompetency to testify in this cause, and in admitting their testimony; and also in holding the estate of Samuel Parent liable for the money placed in the hands of Paul for the purpose of discharging the debt due from Byerly and his sureties, the said Garber and Paul and another, upon their bonds executed to Samuel Parent and Hugh Connell, administrators and commissioners, for the balance of the purchase money due for the Dayton mill property. And the court being further of opinion that said debt has not been discharged, and that the said property is still liable for it, it is therefore decreed and ordered that the decree of the said circuit court of June 15th, 1876, and the decrees subsequent thereto be reversed and annulled, and that the appellees, William L. Mowry, sheriff of Augusta county, and as such administrator de bonis non of Jacob O. Spitler, *827 deceased (out of the assets of his intestate in his hands to be administered), B. E. Byeriy, Abraham Paul, Solomon Garber, Daniel Bowman, John M. Kiser and George Kiser, do pay to the appellant his costs by him expended in the prosecution of his appeal and supersedeas aforesaid here. And the cause is remanded to the said circuit court for further proceedings to be had therein in conformity with the views herein declared.
Decree reversed.